## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RONALD EUGENE DUBERRY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-398 (RC) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| INTER-CON SECURITY SYSTEMS, INC. | : | | |
| | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

#### GRANTING DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

On March 14, 2012, defendant removed this matter to this Court from the Superior Court

of the District of Columbia based on the parties' diversity of jurisdiction [Docket #1].  The

plaintiff, Ronald Eugene Duberry, raises a number of claims against his former employer,

defendant Inter-Con Security Systems, Inc.  Where, as here, a plaintiff is proceeding *pro se*, "the

Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are

held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Cheeks v. Fort*

*Myer Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C.2010) (*quoting Haines v. Kerner*, 404 U.S.

519, 520–21 (1972)).  The gravamen of plaintiff's Complaint is that he was terminated from his

employment as a security guard based on allegations that, while on duty, he accessed

pornographic sites on a computer at the location at which he was stationed for guard duty.

Plaintiff claims that the termination (and failure to re-hire) was illegal because defendant

admitted at his unemployment compensation hearing that plaintiff did not so access the alleged

pornographic sites.  Plaintiff argues that this illegal termination resulted in the following claims:
1) a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),
42 U.S.C. § 2000e, *et seq*.; 2) a retaliatory discharge in violation of public policy (whistle-
blowing); 3) defamation based on false accusation and deceit; and, 4) violations of his
constitutional rights based on the Fourth and Fourteenth Amendments to the United States
Constitution.

Defendant has moved to dismiss this case pursuant to FED. R. CIV. P. 12(b)(6) [Docket
#6].  However, because the parties refer to matters outside of the pleadings and attach exhibits
concerning a number of the claims, the Court converts the motion to dismiss to one for summary
judgment. FED. R. CIV. P. 12(d).  In requesting dismissal, defendant argues, *inter alia*, that:
plaintiff's Title VII claims are time-barred; his public policy retaliation claims fail for lack of
causation; his defamation claims are time-barred; and, his constitutional claims fail because
defendant is a private employer, not a state actor.  For the reasons set forth below, defendant's
motion is granted and this case is dismissed.

## II.  LEGAL STANDARDS

### A.  Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

All that the Federal Rules of Civil Procedure require of a complaint is that it contain a
"short and plain statement of the claim" in order to give the defendant fair notice of the claim
and the grounds upon which it rests.  FED. R. CIV. P. 8(a)(2), *see Erickson v. Pardus*, 551 U.S.
89, 93 (2007).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate
likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.
*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court considering such a motion presumes

the factual allegations of the complaint to be true and construes them liberally in the plaintiff's

favor. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). It

is not necessary for the plaintiff to plead all elements of his *prima facie* case in the complaint.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25,

28-29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks omitted). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," are therefore

insufficient to withstand a motion to dismiss. *Id.* A court need not accept a plaintiff's legal

conclusions as true, *id.*, nor must the court presume the veracity of legal conclusions that are

couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Legal Standard for a Motion for Summary Judgment

Summary judgment may be granted when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a). A fact is "material" if it is capable of affecting the substantive outcome of the

litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if

sufficient evidence exists such that a reasonable jury could return a verdict for the non-moving

party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of

factually unsupported claims or defenses and determining whether there is a genuine need for

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party bears the initial

responsibility of identifying those portions of the record which demonstrate the absence of any

genuine issue of material fact.  *Id.* at 323; FED. R. CIV. P. 56(c)(1)(A) (noting that the movant

may cite to "depositions, documents, electronically stored information, affidavits or declarations,

. . . admissions, interrogatory answers, or other materials").  In response, the non-moving party

must similarly designate specific facts in the record that reveal a genuine issue that is suitable for

trial.  *Celotex*, 477 U.S. at 324.  On a motion for summary judgment, the court must "eschew

making credibility determinations or weighing the evidence," *Czekalski v. Peters*, 475 F.3d 360,

363 (D.C. Cir. 2007), and all underlying facts and inferences must be analyzed in the light most

favorable to the non-moving party, *Anderson*, 477 U.S. at 255.  Nevertheless, conclusory

assertions offered without any evidentiary support do not establish a genuine issue for trial.

*Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## III.  ANALYSIS

### A.  Plaintiff's Title VII Claims Are Time-Barred

Plaintiff claims that defendant terminated his employment in retaliation for previously

filing a Human Rights Complaint in violation of Title VII.  Complaint, ¶ 5.  Defendant responds

that plaintiff's Title VII claim is untimely because he failed to file an EEOC complaint within

300 days of the allegedly retaliatory act.  Defendant's Memorandum of Points and Authorities in

Support of Its Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") at 3-4 [Docket

#8].  Defendant is correct that plaintiff's Title VII claims are time-barred.

Prior to filing a Title VII suit, a plaintiff must exhaust his administrative remedies by

filing an EEOC charge outlining his allegations.  *See* 42 U.S.C. § 2000e-5(e); *Bailey v. Verizon*

*Communications, Inc.*, 544 F. Supp. 2d 33, 37-38 (D.D.C. 2008).  In the District of Columbia,

such an EEOC charge must be filed within 300 days of the allegedly discriminatory/retaliatory act.  *Id.*

Plaintiff claims that his allegedly retaliatory termination occurred on July 2, 2010. Complaint, ¶ 2.  Three hundred days from July 2, 2010, is approximately April 28, 2011.  But plaintiff did not file his EEOC charge until November 30, 2011, Motion to Dismiss, Exhibit A, significantly beyond the deadline.

Plaintiff responds, however, that he submitted an EEOC Intake Questionnaire on April 1, 2011, well within the deadline.  Plaintiff's Motion to Deny Defendant's Motion to Dismiss His Title VII Claims with Prejudice ("Opposition I"), Exhibit A [Docket # 15].  But submission of the Intake Questionnaire is neither a substitute for the charge, nor tolls the deadline.  *Dyson v. District of Columbia*, 808 F. Supp. 2d 84, 88 (D.D.C. 2011) *citing Park v. Howard*, 71 F.3d 904 (D.C. Cir. 1995) (noting that the pre-complaint questionnaire is not the same as the EEOC charge).  In fact, the Intake Questionnaire itself warns complainants in more than one place that an EEOC charge must be filed within 180/300 days of the alleged discrimination and, if the complainant does not file a charge within the applicable time limit, "you will lose your rights." Opposition I, Exhibit A, at 1, 4.  On that very form, plaintiff checked a box that stated that he wanted to talk to an EEOC employee before deciding whether to file a charge, and that indicated that he understood that he was not filing a charge by submitting the questionnaire and that he could lose his rights if he did not file a charge within the applicable time limits. *Id.* at 4.

Accordingly, plaintiff's submission of the EEOC questionnaire did not toll the applicable deadline.  Consequently, because plaintiff filed his EEOC charge beyond the 300-day time limit, it is untimely and his Title VII retaliation claim is time-barred.

## B. Plaintiff's Public Policy Retaliation Claim Fails

Plaintiff also claims that he was terminated in retaliation for his whistle-blowing and that, thus, such termination was in violation of public policy. Complaint, ¶ 5.[1]  Defendants, alternatively, argue that plaintiff's retaliation claim fails because he cannot establish that his termination was caused by his protected activity.  The Court agrees.

In order to establish a *prima facie* case of retaliation in the Title VII context, "a plaintiff must show that (1) he engaged in a statutorily protected activity, (2) a reasonable employee would have found the challenged action materially adverse, and (3) there existed a causal connection between the protected activity and the materially adverse action." *Lewis v. District of Columbia*, 653 F. Supp. 2d 64, 77 (D.D.C. 2009).  The Court finds this framework also useful for assessing plaintiff's public policy retaliation claim.  For purposes of the current motion, defendant does not challenge plaintiff's claim that he engaged in protected activity or that his termination is materially adverse.

But defendant does challenge plaintiff's ability to establish causation as a matter of law (as well as logic).  Defendant points out that plaintiff's termination occurred on July 2, 2010. Complaint, ¶2.  However, his alleged protected activity did not occur until October 6, 2010, when plaintiff "submitted documents to the then[-]Acting Director of Court Services and Offender[] Supervision Agency[,]" and June 3, 2011,[2] when plaintiff submitted documentation of defendant's alleged illegal activities to the Federal Bureau of Investigation.  Complaint, ¶4.  Of

---

[1]      In his Opposition I, plaintiff refers to the False Claims Act, the Whistleblower Protection Act, and related statutes.  Opposition I at 2.  But plaintiff's Complaint does not contain citations to these statutes. Regardless, the retaliation causation analysis set forth below would apply to these statutes, as well, if they had been properly asserted.

[2]      In his Opposition, plaintiff states that this submission occurred on June 3, 2010.  Opposition I at 2.  But, given the 2011 date in the Complaint, and the context and implied chronology of the allegations, the Court believes this is a typo.

course, both of these acts post-date the termination.  Thus, as a matter of law and logic, the

subsequent event could not have caused the preceding event.  *Lewis*, 653 F. Supp. 2d at 79 ("The

fact that the allegedly retaliatory actions preceded the protected activity precludes a

determination that the protected activity caused the defendant to retaliate against the plaintiff.");

*see also Bryant v. Brownlee*, 265 F. Supp. 2d 52, 70 (D.D.C. 2003) (same).  Accordingly,

because plaintiff cannot establish causation, his public policy retaliation claim fails as a matter of

law.[3]

### C.  Plaintiff's Defamation Claim Is Untimely

Plaintiff also brings a common law tort claim against defendant.  Plaintiff alleges that

"Defendant has defamed the Plaintiff by making False Accusations and by Deceit."  Complaint,

¶5.  In response, defendant argues that any defamation claim would be untimely under District of

Columbia law. Motion to Dismiss at 6.  Again, the Court agrees.

In the District of Columbia, a party must bring a defamation claim within one year of

accrual of the claim.  DC ST § 12-301 ("Except as otherwise specifically provided by law,

actions for the following purposes may not be brought after the expiration of the period specified

below from the time the right to maintain the action accrues: . . . (4) for libel, slander, . . . – 1

year."); *see also Di Lella v. Univ. of the District of Columbia*, 570 F. Supp. 2d 1, 10-11 (D.D.C.

2008) ("The statute of limitations for a defamation claim in the District of Columbia is one

year."); *Nevius v. Africa Inland Mission Int'l*, 511 F. Supp. 2d 114, 121 (D.D.C. 2007) (same).

"'Defamation occurs on publication and the statute of limitations runs from the date of

---

[3]     Plaintiff refers generally to defendant's failure to rehire him after its concession that he did not access pornographic computer cites.  If such a claim were actionable, depending on the facts alleged, it could potentially change the chronology set forth above.  However, such a claim is not clearly set forth in the Complaint or expanded upon in the papers, and is thus not considered an independent claim sufficiently alleged in the complaint (even liberally construed) to meet the pleading requirements of FED. R. CIV. P. 8.

publication.'" *Di Lella*, 570 F. Supp. 2d at 11 (*quoting Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882 (D.C. 1998)).

The last date in plaintiff's Complaint on which a defamation claim could be inferred is September 29, 2010, the date on which the Maryland State Unemployment Insurance Appeals Division held a hearing regarding plaintiff's termination (and at which one could guess that defendant discussed plaintiff's termination in a defamatory manner). But plaintiff did not file this action in Superior Court until February 7, 2012, well after the one-year limitations period had elapsed on September 29, 2011. Complaint (date stamp) [Docket #1-1] Accordingly, plaintiff's defamation claim is time-barred.

### D. Plaintiff's Constitutional Claims Fail

Finally, plaintiff claims that "Defendant has also violated [his] Fourth and Fourteen[th] Amendment Rights." Complaint, ¶5. Defendant argues that because it is a private security company, its actions do not constitute state actions that are actionable as constitutional torts. Motion to Dismiss at 6-7. Defendant, again, is correct.

Plaintiff's constitutional claims appear to be premised on a claim that he did not receive documentation concerning the allegations against him, and was thus misled during his interview by Captain Wyllie Mitchell, depriving him of his due process right to defend himself against the accusation that resulted in his suspension and termination. Opposition I at 2-3. But, as an employee of a private employer, plaintiff had no constitutional due process rights in his continued employment at Inter-Con Security Systems. *Price v. Union Local 25*, 787 F. Supp. 2d 63, 68 (D.D.C. 2011); *Chandler v. W.E. Welch & Assoc., Inc.*, 533 F. Supp. 2d 94, 102-03 (D.D.C. 2008) ("The Due Process Clause of the Fourteenth Amendment is also addressed to official conduct. . . .The conduct of which plaintiff complains was private conduct, not state

action.  Such private conduct does not trigger the protections of the Fourteenth Amendment[].").

Accordingly, plaintiff's constitutional tort claims also fail as a matter of law and must be

dismissed.


## IV.  CONCLUSION

For the foregoing reasons, defendant's motion is granted and plaintiff's claims are

dismissed.  An Order consistent with this Memorandum Opinion is separately and

contemporaneously issued this 17th day of October, 2012.




RUDOLPH CONTRERAS
United States District Judge